UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BETH LEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO: 1:20-cv-2840 |
| | ) |
| GENERATIVE GROWTH II, LLC | ) |
| d/b/a Needler's Fresh Market | ) |
| | ) |
| Defendants. | ) |

## **NOTICE OF REMOVAL**

TO THE HONORABLE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, in addition to Southern District of Indiana Local Rule 81-1, Generative Growth II, LLC d/b/a Needler's Fresh Market ("Defendant"), by counsel, hereby files this Notice of Removal to remove the above-entitled civil action from the Circuit Court of Tipton County to this Court based upon the following supporting grounds, appearing solely for the purpose of removal, and for no other purpose, and preserving all other defenses available to it.

1. Copies of all process and pleadings filed and/or received by Defendant and the docket sheet for the Tipton County Court action, as of November 2, 2020, are attached hereto and incorporated herein as **Exhibit 1**.

2. On September 30, 2020, Plaintiff Beth Lee filed a Complaint in the Circuit Court of Tipton County, styled as *Beth Lee v. Generative Growth II, LLC d/b/a Needler's Fresh*

1

*Market*, under Cause No. 80C01-2009-CT-001528, a copy of which is attached hereto as **Exhibit 2**.

3. Plaintiff claims that on April 12, 2020, she tripped and fell over a rolled-up mat at the entrance of Defendant's premises. Plaintiff has sued for negligence and claims she sustained injuries resulting from the trip-and-fall incident.

4. Plaintiff served a summons and copy of the complaint upon Defendant's registered agent by certified mail on October 3, 2020. Thus, this notice of removal is being filed within thirty (30) days after Plaintiff's service of the initial pleading in this matter on Defendant and is therefore timely under 28 U.S.C. §1446(b).

5. Plaintiff's Complaint provides no information as to Plaintiff's domicile. However, a search of public records establishes that Plaintiff is a citizen of Tipton, Tipton County, Indiana. *See* **Exhibit 3.**

6. Defendant is an Ohio Limited Liability Company. The members of Defendant are two individuals: Julie Anderson and Michael S. Needler Jr., both of whom are citizens of the state of Ohio. Defendant is therefore a citizen of the state of Ohio. *See Cosgrove v. Brotolotta*, 150 F.3d 729, 731 (7th Cir. 1998) (holding that the citizenship of a limited liability company is the citizenship of each of its members).

7. Because Plaintiff and Defendant are citizens of different states, there is complete diversity of citizenship in accordance with 28 U.S.C. § 1332(a). "A case falls within the federal district court's 'original' diversity jurisdiction only if diversity of citizenship among parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State." *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381 (1998).

8. Plaintiff's Complaint provides no specific information regarding the value of her claims. However, Plaintiff has allegedly sustained injury to her head, neck, and shoulder, and she alleges that she incurred, and will continue to incur, medical expenses, lost wages, and other special damages. (Exhibit 2, at ¶10). On October 20, 2020, Counsel for Plaintiff advised that Plaintiff is still treating and that the damages in this case exceed $75,000.

9. Based on Plaintiff's allegations, the amount in controversy in this lawsuit exceeds $75,000, exclusive of interest and costs. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) ("[T]he proponent of federal jurisdiction has the burden of showing by a preponderance of the evidence facts that suggest the amount-in-controversy requirement is met. That is easier said than done when the plaintiff, the master of the complaint . . . provides little information about the value of her claims. In such a case, a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence . . . Once the defendant in a removal case has established the requisite amount in controversy, the plaintiff can defeat [federal] jurisdiction only if 'it appears to a legal certainty that the claim is really for less than the jurisdictional amount.'") (internal citation omitted).

10. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Accordingly, Defendant may remove this action to this Court pursuant to 28 U.S.C. § 1441(b) in that it is a civil action between citizens domiciled in different states and the preponderance of the evidence shows that the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

11. The state court action was filed in Tipton County, Indiana; thus, venue is proper in the Southern District of Indiana, Indianapolis Division.  *See* 28 U.S.C. §§ 1441(a) and 94(b)(1).

12. On November 2, 2020, a Notice of Filing of this Notice of Removal will be filed with the Tipton County Circuit Court via that court's electronic filing system and will be served upon all counsel in this action.  A copy of that Notice is attached hereto as **Exhibit 4**.

WHEREFORE, Defendant, Generative Growth II, LLC d/b/a Needler's Fresh Market, by counsel, respectfully gives notice that this civil action is removed to this Court from the Tipton County Circuit Court.

Respectfully submitted,

*/s/Nicholas G. Brunette*
Nicholas G. Brunette (#27042-49)
REMINGER CO., LPA
College Park Plaza
8909 Purdue Road
Suite 200
Indianapolis, IN 46268
T: 317-853-7371
F: 317-228-0943
nbrunette@reminger.com
***Attorney for Defendant***

## CERTIFICATE OF SERVICE

I certify that on this day, November 2, 2020 the foregoing document was filed electronically using the Court's CM/ECF system, which sends electronic notification to all *registered* parties. I further certify that on the same day of filing, a copy of the foregoing document was sent by first class U.S. mail, postage pre-paid, to:

Jim Hurt  (#34385-89)
KEN NUNN LAW OFFICE
104 South Franklin Road Bloomington, IN 47404
Phone: (812)332-9451
Fax: (812) 331-5321
E-mail: jamesh@kennunn.com
*Attorney for Plaintiff*

>              */s/Nicholas G. Brunette*
>              Nicholas G. Brunette (#27042-49)
>              REMINGER CO., LPA